Citation Nr: 1607912 
Decision Date: 02/29/16 Archive Date: 03/04/16

DOCKET NO. 05-03 390 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Diego, California


THE ISSUES

1. Entitlement to a higher initial rating for lumbar strain with degenerative disc disease rated 20 percent prior to December 12, 2006, and rated 40 percent thereafter. 

2. Entitlement to an initial rating in excess of 10 percent for right lower extremity sciatica. 

3. Entitlement to an initial rating in excess of 10 percent for left lower extremity sciatica. 

4. Entitlement to an initial rating in excess of 10 percent for right knee arthritis. 

5. Entitlement to an initial rating in excess of 10 percent for left knee arthritis. 

6. Entitlement to a higher initial rating for right ankle sprain rated noncompensable prior to December 12, 2006, and rated 10 percent thereafter.

7. Entitlement to a higher initial rating for left ankle sprain rated noncompensable prior to December 12, 2006, and rated 10 percent thereafter. 

8. Entitlement to a higher initial rating for left carpal tunnel syndrome rated noncompensable prior to March 2, 2005 and rated 10 percent thereafter. 

9. Entitlement to a higher initial evaluation for right heel sprain rated 10 percent prior to July 8, 2014.

10. Entitlement to a higher initial evaluation for left heel sprain rated 10 percent prior to July 8, 2014.

11. Entitlement to a higher evaluation for bilateral foot injury and plantar fasciitis (previously rated as right and left heel sprains) rated 50 percent from July 8, 2014.

12. Entitlement to a total disability based on individual unemployability (TDIU) prior to July 8, 2014. 


REPRESENTATION

Appellant represented by: Military Order of the Purple Heart of the U.S.A.


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

D. Johnson, Counsel


INTRODUCTION

The Veteran had active duty from August 1982 to August 2002.

These matters come to the Board of Veterans' Appeals (Board) on appeal from rating decisions issued by the Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California.

In a May 2003 rating decision the RO, in pertinent part, granted service connection for lumbar strain with degenerative disc disease with an initial rating of 20 percent; bilateral carpal tunnel syndrome with initial noncompensable ratings for each wrist; bilateral knee sprains with initial ratings of 10 percent each knee; bilateral ankle sprains with initial ratings of 10 percent each ankle; and bilateral heel disabilities with initial ratings of 10 percent each heel. The RO also granted service connection for bilateral varicose veins and sinusitis and assigned noncompensable ratings. The effective date for all of the disability ratings was September 1, 2002.

In a December 2005 supplemental statement of the case, the RO increased the disability ratings for the bilateral carpal tunnel syndrome to 20 percent for each wrist, effective March 2, 2005. The RO also increased the initial evaluation of sinusitis to 10 percent and the evaluations for bilateral varicose veins to 10 percent each, effective July 2, 2005.

In a January 2007 rating decision, the RO granted service connection for left and right lower extremity sciatica and assigned separate 10 percent ratings effective December 12, 2006. The RO also increased the disability rating for the lumbar strain to 40 percent, effective December 12, 2006; and increased the ratings for the left and right ankle sprains to 10 percent each, effective December 12, 2006. The RO also recharacterized the bilateral knee sprains as bilateral knee osteoarthritis.

In June 2008, the Board denied the appeals for higher initial ratings of the aforementioned service-connected disabilities, with the exception of left carpal tunnel syndrome, which was remanded for additional development.

In August 2009, the United States Court of Appeals for Veterans Claims (Court) partially vacated the June 2008 Board decision and remanded the matters of entitlement to higher ratings for the lumbar strain, bilateral heel sprains, bilateral knee arthritis, bilateral ankle sprains, and the bilateral lower extremity sciatica for compliance with directives specified in the August 2009 Joint Motion for Partial Remand (JMPR). The Court also noted that appeals for higher ratings for the bilateral varicose veins, right carpal tunnel syndrome, and sinusitis had been abandoned.

In September 2010, the Board remanded the appeal for additional development. The Board also took jurisdiction of a claim for entitlement to a TDIU pursuant to Rice v. Shinseki, 22 Vet. App. 447 (2009). The appeal was remanded for further development in June 2012 and in October 2013.

In an October 2014 rating decision, the RO granted service connection for a bilateral foot injury and plantar fasciitis (which was previously characterized as the bilateral heel sprains) and assigned an evaluation of 50 percent effective July 8, 2014.

The Veteran testified at a hearing at the RO in May 2005. He also testified before Veterans Law Judges at Travel Board hearings held in August 2007 and in June 2013. Transcripts of all three hearings are of record.

This appeal was processed using VBMS (the Veterans Benefits Management System). Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record. 


FINDINGS OF FACT

In January 2016, prior to the promulgation of a decision in the appeal, the Board received notification from the Veteran that he was withdrawing the issues of entitlement to higher ratings for service-connected lumbar strain with degenerative disc disease, left carpal tunnel syndrome, bilateral knee arthritis, bilateral ankle sprains, bilateral heel disabilities, and entitlement to TDIU. 


CONCLUSIONS OF LAW

1. The criteria for withdrawal of the appeal regarding the issue of entitlement to a higher initial rating for lumbar strain with degenerative disc disease rated 20 percent prior to December 12, 2006, and rated 40 percent thereafter have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 

2. The criteria for withdrawal of the appeal regarding the issue of entitlement to an initial rating in excess of 10 percent for right lower extremity sciatica have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 

3. The criteria for withdrawal of the appeal regarding the issue of entitlement to an initial rating in excess of 10 percent for left lower extremity sciatica have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 

4. The criteria for withdrawal of the appeal regarding the issue of entitlement to an initial rating in excess of 10 percent for right knee arthritis have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 

5. The criteria for withdrawal of the appeal regarding the issue of entitlement to an initial rating in excess of 10 percent for left knee arthritis have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 

6. The criteria for withdrawal of the appeal regarding the issue of entitlement to a higher initial rating for right ankle sprain rated noncompensable prior to December 12, 2006, and rated 10 percent thereafter have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 

7. The criteria for withdrawal of the appeal regarding the issue of entitlement to a higher initial rating for left ankle sprain rated noncompensable prior to December 12, 2006, and rated 10 percent thereafter have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 

8. The criteria for withdrawal of the appeal regarding the issue of entitlement to a higher initial rating for left carpal tunnel syndrome rated noncompensable prior to March 2, 2005 and rated 10 percent thereafter have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 

9. The criteria for withdrawal of the appeal regarding the issue of entitlement to a higher initial evaluation for right heel sprain rated 10 percent prior to July 8, 2014 have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 

10. The criteria for withdrawal of the appeal regarding the issue of entitlement to a higher initial evaluation for left heel sprain rated 10 percent prior to July 8, 2014 have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 

11. The criteria for withdrawal of the appeal regarding the issue of entitlement to a higher evaluation for bilateral foot injury and plantar fasciitis (previously right and left heel sprains) rated 50 percent from July 8, 2014have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 

12. The criteria for withdrawal of the appeal regarding the issue of entitlement to a TDIU prior to July 8, 2014 have been met. 38 U.S.C.A. § 7105(b)(2), (d)(5) (West 2014); 38 C.F.R. § 20.204 (2015). 


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C.A. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.204. Withdrawal may be made by the appellant or by his or her authorized representative. 38 C.F.R. § 20.204. 

In the present case, the Veteran and his representative withdrew the appeals regarding the issues involving entitlement to higher ratings for his service-connected lumbar strain with degenerative disc disease, left carpal tunnel syndrome, bilateral knee arthritis, bilateral ankle sprains, bilateral heel disabilities, and TDIU in a January 2016 statement. Hence, with respect to such issues, there remain no allegations of errors of fact or law for appellate consideration. Accordingly, the Board does not have jurisdiction to review the appeals and they are dismissed. 


ORDER

The appeal on the issue of entitlement to a higher initial rating for lumbar strain with degenerative disc disease rated 20 percent prior to December 12, 2006, and rated 40 percent thereafter is dismissed.

The appeal on the issue of entitlement to an initial rating in excess of 10 percent for right lower extremity sciatica is dismissed. 

The appeal on the issue of entitlement to an initial rating in excess of 10 percent for left lower extremity sciatica is dismissed.

The appeal on the issue of entitlement to an initial rating in excess of 10 percent for right knee arthritis is dismissed.

The appeal on the issue of entitlement to an initial rating in excess of 10 percent for left knee arthritis is dismissed.

The appeal on the issue of entitlement to a higher initial rating for right ankle sprain rated noncompensable prior to December 12, 2006, and rated 10 percent thereafter is dismissed.

The appeal on the issue of entitlement to a higher initial rating for left ankle sprain rated noncompensable prior to December 12, 2006, and rated 10 percent thereafter is dismissed.

The appeal on the issue of entitlement to a higher initial rating for left carpal tunnel syndrome rated noncompensable prior to March 2, 2005 and rated 10 percent thereafter is dismissed.

The appeal on the issue of entitlement to a higher initial evaluation for right heel sprain rated 10 percent prior to July 8, 2014 is dismissed.

The appeal on the issue of entitlement to a higher initial evaluation for left heel sprain rated 10 percent prior to July 8, 2014 is dismissed.

The appeal on the issue of entitlement to a higher evaluation for bilateral foot injury and plantar fasciitis (previously right and left heel sprains) rated 50 percent from July 8, 2014 is dismissed.

The appeal on the issue of entitlement to a TDIU prior to July 8, 2014, is dismissed.




____________________________________________
DDEBORAH W. SINGLETON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs